**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 18 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

THU ZAR WIN,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 11-70026

Agency No. A088-109-908

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 6, 2014
Pasadena, California

Before: GOULD and N.R. SMITH, Circuit Judges, and KORMAN, Senior District Judge.[**]

1.      Substantial evidence does not support the adverse credibility finding. The immigration judge (IJ) identified two main reasons for its adverse credibility determination. The first reason—the date of the alleged rape—fails, because (even

_____

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Edward R. Korman, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

if not trivial, *see Don v. Gonzales*, 476 F.3d 738, 741-42 (9th Cir. 2007)) Win was not properly confronted or given an opportunity to explain the inconsistencies in the dates. Win (1) was not asked why there were two different versions of her statement, nor (2) was she asked why the date of the incident was corrected or changed. Rather, she was only asked why she stated that her application was correct, when it was not. Therefore, given the lack of confrontation and opportunity to explain the alleged inconsistent testimony in dates, this inconsistency does not support an adverse credibility finding. *See Guo v. Ashcroft*, 361 F.3d 1194, 1200, 1202 (9th Cir. 2004) ("[U]nclear [or vague] testimony may not serve as substantial evidence for an adverse credibility finding when an applicant is not given the chance to attempt to clarify his or her testimony.").

The IJ also found Win not credible based on Win's allegedly inconsistent testimony that the police were watching her, yet she was able to obtain a passport and authorization to travel. This finding fails because the IJ failed to address Win's reasonable explanation for the perceived inconsistency—that her family paid a bribe. *See Soto-Olarte v. Holder*, 555 F.3d 1089, 1091 (9th Cir. 2009) ("[IJ's] lack of consideration given to [petitioner's] proffered explanation was error and prevent[ed] the underlying inconsistency from serving as substantial evidence."). Furthermore, the IJ's decision is based on impermissible speculation

on how the government in Burma operates.  *See Kaur v. Ashcroft*, 379 F.3d 876, 887-88 (9th Cir. 2004) (superseded by statute) (holding that "personal conjecture about the manner in which Indian passport officials carry out their duties" could not support an adverse credibility finding).

In addition to the two main credibility findings, the IJ also noted inconsistencies with Win's bank accounts.[1]  Both the IJ's and the BIA's decisions concluded that this finding went to her overall credibility finding.  However, neither suggested that this finding, by itself, would be a basis for an adverse credibility finding.  The IJ noted that it was not a significant issue, but one that casts doubt on her credibility.[2]  The BIA agreed that it was relevant to her overall credibility.  Neither IJ nor the BIA provided "specific and cogent reasons supporting [this] adverse credibility determination."  *Shrestha v. Holder*, 590 F.3d

_____

[1] The BIA stated in a footnote that Win's testimony and her written application conflicted with regard to whether the men were "civilians" or "government soldiers."  Even assuming that the BIA was attempting to make an independent adverse credibility finding with regard to this fact, Win was not confronted and given an opportunity to explain the alleged inconsistency.  *See Guo*, 361 F.3d at 1200.

[2] We also note that the IJ's statement regarding this evidence that she could "deny the case without that information," creates an ambiguity as to whether she was going to rely on this testimony in determining credibility.

3

1034, 1042 (9th Cir. 2010). Therefore, we decline to give this finding more significance than the agency did.

Because it is apparent from the record that the IJ listed all possible reasons to support an adverse credibility determination (all of which were inadequate or not supported by substantial evidence), we deem Win's testimony to be credible. *See Soto-Olarte*, 555 F.3d at 1095.

2.      The BIA's alternative finding is also not supported by substantial evidence. The BIA, in the alternative, concluded that Win was credible, but denied relief because Win failed to establish that she was persecuted on account of a protected ground. This was error. Accepting Win's testimony as true, Win testified that the men who raped her were part of a military-supported organization. She testified to a causal connection between her support of Aung San Suu Kyi and her rape. *See Parussimova v. Mukasey*, 555 F.3d 734, 742 (9th Cir. 2009). Further supporting her claim that the attack was on account of a protected ground, Win testified that when she went to the police and identified her attackers, the police refused to file her complaint and threatened her with jail and death.

Accordingly, we grant the petition with respect to Win's claims for asylum, withholding of removal, and relief under CAT, and remand to the BIA for further

4

proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam); *Soto-Olarte*, 555 F.3d at 1093-96.

**PETITION GRANTED; REMANDED.**